# CIRCUIT COURT OF THE CITY OF NORFOLK

Sybil M. Friedberg et al.

v.

Richard J. Tavss,
Trustee, et al.

March 28, 2001

Case No. CH00-333

BY JUDGE MARC JACOBSON

Jake F. Friedberg established a trust dated December 24, 1987, "for the benefit of the Grantor's daughter, Sybil F. Brautigam (Sybil)." *See* Trust Agreement (Trust) at 1. The Trust provides for the net income to be distributed to "such one or more of the Beneficiaries" at the discretion of the Trustee, with the primary concern being "the support and maintenance of Sybil. . . ." *See* Trust at 2. The income beneficiaries listed in the Trust are Sybil and her children, Marci Cay Steiner, Rachel Perlman, and Jill R. Haverson. *See* Trust at 1; *see also* Affidavit of Ann S. Dodson, ¶ 6. The Trust also provides that upon Sybil's death and when there is no living child of hers under age thirty, the Trust will terminate, the corpus going to Sybil's then living issue or, if none exist, to the Grantor's then living issue. *See* Trust at 3.

The primary Trust asset once was a rental property located in North Carolina. *See* Bill of Complaint, ¶ 13. That piece of property has been destroyed in a fire, and the Trust's income has consequently been diminished, although presumably insurance proceeds were received by virtue of the loss. *See id.*, ¶ 17. In the years following the Trust's formation, the principal income beneficiary, Sybil, indicates she suffered ill health, requires significant care, and that the income from the Trust is insufficient to adequately fulfill Sybil's medical expenses. *See id.*, ¶¶ 14-16. Consequently, she has filed the instant Bill of Complaint seeking a court order modifying the Trust so that the Trustee, in his sole discretion, may invade the principal in order to make

distributions to the beneficiaries. *See id.* The Trust itself contains no provision allowing for such action, but all of the existing income and principal beneficiaries have joined in the Bill of Complaint, consenting to such action. *See id.* The Trustee has also filed an affidavit in the case stating that he joins in the request for modification. *See* Affidavit of Richard Tavss.

Under Va. Code § 55-19.4, a court has the authority to modify a trust for good cause. The court is required first to find that the modification will neither "(i) materially impair the accomplishment of the trust purposes nor (ii) adversely affect the interests of any beneficiary." *See* Va. Code § 55-19.4(B)(2). "Good cause" is defined under the section as "existing circumstances such that the purposes of the trust will be impaired or the interests of the trustor or any beneficiary adversely affected if the modification is not made or that modification if made would benefit the trust or interests of the trustor or any beneficiary." *See* Va. Code § 55-19.4(D)(1).

Although the Court is sensitive to the purpose of the requested modification of the Trust, under the applicable statute, this Court cannot find as a matter of law that the requested modification will not adversely affect the minor residuary beneficiaries. Any alteration which would result in invasion of the Trust corpus would, by definition, deplete the interest held by the corpus beneficiaries. Further, some of the beneficiaries who will ultimately benefit from the Trust corpus are minors, and hence, not *sui juris.* As such, they could not consent to terminate the Trust under existing case law. *See Bottimore v. First & Merchants National Bank,* 170 Va. 221, 226, 196 S.E. 593, 594 (1938) ("If any of the [trust] beneficiaries are not in being, or are not *sui juris,* and hence cannot consent, the trust agreement cannot be revoked.") If the minor Trust beneficiaries could not consent to a revocation of the Trust, even if it were to benefit them, it could not successfully be argued that they could consent to a modification which may harm their own rights in the corpus.

The Petitioners' Bill of Complaint is dismissed.